COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS





ALFREDO RIVERA,

                            Appellant,

v.

THE STATE OF TEXAS,

                            Appellee.

§
 
§
 
§
 
§
 
§
 
 § 


No. 08-02-00489-CR

Appeal from the

171st Judicial District Court
of El Paso County, Texas 

(TC# 970D01827)





MEMORANDUM OPINION

            Alfredo Rivera appeals his deferred adjudication for two counts of organized criminal
activity. Appellant waived his right to a jury trial and entered a plea of guilty. The trial court
sentenced Appellant to four years deferred adjudication pursuant to a plea agreement. We affirm the
judgment of the trial court.
I. FACTUAL SUMMARY
            Appellant was arrested on July 12, 1995. Appellant was originally indicted on January 17,
1996. Appellant was re-indicted on two counts of organized criminal activity on February 27, 1997. 
On August 4, 1997, the State filed a motion to carry over all pretrial motions, notices, and business
affidavits it had previously filed under Cause No. 81009, since the State had re-indicted Appellant
under Cause No. 970D01827. The trial court granted the motion. Then, Appellant filed a motion
for continuance to allow defense counsel to review the statement of facts in a related trial, which was
granted. Appellant filed his first motion to dismiss based on speedy trial grounds on October 21,
1998 alleging he was prejudiced by the death of one witness and the move of another. Then, on
April 26, 1999, Appellant filed an amended motion to dismiss re-urging his previous arguments. 
Appellant amended his motion on June 15, 1999 adding that another witness had died. The trial
court denied the motion. Appellant filed a second amended motion to dismiss on September 30,
1999. 
            The State filed a motion for continuance on October 29, 1999 due to a conflict between the
State’s expert and defense counsel. The State re-filed its motion on November 3, 1999. However,
the trial court never ruled on the motion. On December 3, 1999, the Appellant filed a motion to
dismiss and quash the indictment, which was granted by the trial court. The State appealed, and this
court issued an opinion remanding the cause to the trial court.


 Appellant then filed a renewed
motion for speedy trial on August 8, 2002, which the trial court denied. 
            On October 2, 2002, Appellant pleaded guilty to the charges and waived his right to trial by
jury. Appellant was sentenced to four years deferred adjudication. Then, this appeal ensued.
I. DISCUSSION
            In his sole point of error on appeal, Appellant argued that the trial court erred in denying his
speedy trial claim. The right to a speedy trial is guaranteed by the Sixth Amendment to the United
States Constitution as applied to the states through the Fourteenth Amendment. Barker v. Wingo,
407 U.S. 514, 515, 92 S.Ct. 2182, 2184, 33 L.Ed.2d 101 (1972); Ramirez v. State, 897 S.W.2d 428,
431 (Tex.App.--El Paso 1995, no pet.). When analyzing a trial court’s decision to grant or deny a
speedy trial claim, a reviewing court must balance four factors: (1) the length of the delay; (2) the
reason for the delay; (3) whether the defendant asserted his speedy trial rights; and (4) any resulting
prejudice to the defendant. Barker, 407 U.S. at 530, 92 S.Ct. at 2191; Emery v. State, 881 S.W.2d
702, 708 (Tex.Crim.App.1994), cert. denied, 513 U.S. 1192, 115 S.Ct. 1257, 131 L.Ed.2d 137
(1995). None of the four factors alone is a necessary or sufficient condition to finding a deprivation
of the right to a speedy trial. Barker, 407 U.S. at 533, 92 S.Ct. at 2193. 
            We apply a bifurcated standard of review: an abuse of discretion standard for the factual
components, and a de novo standard for the legal components. Zamorano v. State, 84 S.W.3d 643,
648 (Tex.Crim.App. 2002). This means that we independently weigh and balance the Barker factors,
but we presume the trial court resolved any disputed fact issues in a manner that supports its ruling. 
See id.; State v. Munoz, 991 S.W.2d 818, 821 (Tex.Crim.App. 1999).
A. Length of Delay
            The length of the delay is measured from the time the defendant is arrested or formally
accused. Shaw v. State, 117 S.W.3d 883, 889 (Tex.Crim.App. 2003); Emery, 881 S.W.2d at 708;
Harris v. State, 827 S.W.2d 949, 956 (Tex.Crim.App.), cert. denied, 506 U.S. 942, 113 S.Ct. 381,
121 L.Ed.2d 292 (1992). To trigger a speedy trial analysis, the defendant has the burden of first
demonstrating a delay sufficient in length to be considered presumptively prejudicial under the
circumstances of the case. Barker, 407 U.S. at 530, 92 S.Ct. at 2192; Emery, 881 S.W.2d at 708. 
The defendant meets his burden by showing that the interval between accusation and trial has crossed
the threshold dividing ordinary delay from presumptively prejudicial delay. Doggett v. U.S., 505
U.S. 647, 651-52, 112 S.Ct. 2686, 2690, 120 L.Ed.2d 520 (1992). Only then does it become
necessary to consider the other three factors in the Barker analysis. Emery, 881 S.W.2d at 708; Lott
v. State, 951 S.W.2d 489, 493 (Tex.App.--El Paso 1997, pet. ref’d). In general, delay approaching
one year is sufficient to trigger consideration of all the Barker factors. Shaw, 117 S.W.3d at 889. 
            The Appellant argued that the delay was approximately seven years and three months because
he was arrested on July 12, 1995, and he gave his plea on October 2, 2002. Here, there is evidence
in the appellate record of Appellant’s arrest. Therefore, the delay here was approximately seven
years and three months between arrest and plea. This delay was sufficient to trigger an analysis of
the remaining Barker factors. See Shaw, 117 S.W.3d at 889. Thus, this factor weighs in favor of
Appellant.
B. Reason for Delay
            The State has the initial burden of justifying a lengthy delay. Emery, 881 S.W.2d at 708;
Lott, 951 S.W.2d at 493. In examining the reasons for the delay, different weights should be
assigned to different reasons. Barker, 407 U.S. at 531, 92 S.Ct. at 2192; Emery, 881 S.W.2d at 708.
On the other hand, a deliberate attempt to delay the trial in order to hamper the defense should be
weighed heavily against the State. Barker, 407 U.S. at 531, 92 S.Ct. at 2192; Emery, 881 S.W.2d
at 708. But, valid reasons are not weighed against the State at all. Barker, 407 U.S. at 53, 92 S.Ct.
at 2192. And delay that is attributable in whole or in part to the defendant may constitute a waiver
of the speedy trial claim. Munoz, 991 S.W.2d at 822. When the record is silent as to the reason for
the delay, we may presume neither a valid reason nor a deliberate attempt to prejudice the defense.
Dragoo v. State, 96 S.W.3d 308, 314 (Tex.Crim.App. 2003). Therefore, when the record is silent,
the second Barker factor weighs against the State, but not heavily. Id.
            Appellant argued that the State deliberately attempted to delay his trial by dismissing the
indictments against him on the eve of trial and later re-indicting him for the same charges and under
identical facts and by requesting a continuance twice. Appellant included his previous indictments
in Cases Nos. 950D05497, 970D01704, and 970D01827 in an appendix to his brief. However, the
appellate record only includes information regarding Appellant’s indictment in 970D01827, the
charge on appeal, and his previous indictment in Case No. 950D05497. We cannot consider
documents included in Appellant’s Appendix as they are outside the record. See Tex.R.App.P. 34.1
(“The appellate record consists of the clerk’s record and, if necessary to the appeal, the reporter’s
record.”); Robles v. State, 85 S.W.3d 211, 215 (Tex.Crim.App. 2002). Further, Appellant failed to
object to the State’s dismissal and re-indictment of the charges. See Johnson v. State, 975 S.W.2d
644, 651 (Tex.App.--El Paso 1998, pet. ref’d)(attributing delay to both State and Appellant when
Appellant failed to object to re-indictment until one month before trial). 
            We also find that both the State and Appellant filed motions for continuances to procure a
new expert and to review the record. Appellant received a continuance on the original trial setting,
but there is no evidence in the record that the State received a ruling on its motion for continuance. 
Last, the trial was delayed due to the State’s appeal of the trial court’s quash of the indictment. 
However, the State ultimately prevailed in its appeal. See Munoz, 991 S.W.2d at 824 (a valid reason
for delay should not be weighed against the State). Accordingly, since we find no other reasons for
delay in the record, we find that the delay should be attributed to both the State and the Appellant. 
See Johnson, 975 S.W.2d at 651 (attributing the delay to both the State and Appellant when the
Appellant moved for and received a continuance of the original trial setting and failed to object to
the State’s dismissal and re-indictment of the charges until less than one month before trial). 
C. Assertion of Right to Speedy Trial
            We must next consider the defendant’s responsibility to assert his right to a speedy trial.
Barker, 407 U.S. at 531, 92 S.Ct. at 2192. The defendant’s assertion of his speedy trial right is
entitled to strong evidentiary weight in determining whether the defendant was deprived of the right.
Id. at 531-32, 92 S.Ct. at 2192-93. This failure weighs more heavily against the defendant as the
delay gets longer; the longer the delay, the more likely a defendant who really wants a speedy trial
would take some action to obtain it. Dragoo, 96 S.W.3d at 314. Conversely, a defendant’s failure
to assert his right in a timely and persistent manner indicates strongly that he did not really want a
speedy trial. Barker, 407 U.S. at 529, 532, 92 S.Ct. at 2193. Seeking a dismissal, rather than a trial,
may attenuate the strength of a speedy trial claim. Phillips v. State, 650 S.W.2d 396, 401
(Tex.Crim.App. 1983).
            The State argued that this factor should weigh against the Appellant because (1) he attempted
to have his case dismissed rather than seeking a speedy trial, and (2) Appellant did not file a motion
for speedy trial until three years after his arrest and one year after his motion for continuance. 
Appellant argued that he did assert his speedy trial right on several occasions and that even though
he used the word “dismissal” in his motions that the court was put on notice that he was denied his
right to a speedy trial.
            The record showed that Appellant filed his first motion to dismiss on October 21, 1998, and 
amended motions to dismiss on April 26, 1999, June 15, 1999, September 30, 1999, and August 8,
2002. First, we find Appellant’s motivation in initially requesting a dismissal rather than a prompt
trial to be relevant. See Phillips, 650 S.W.2d at 401. Second, since Appellant waited approximately
three years and three months from his arrest and two years and nine months from indictment to assert
his right to speedy trial, his actions suggested that he did not really want a speedy trial. See Barker,
407 U.S. at 529, 532, 92 S.Ct. at 2193; Dragoo, 96 S.W.3d at 314. Thus, this factor weighs heavily
against the Appellant.
D. Prejudice Resulting from Delay
            Finally, we must determine whether Appellant suffered prejudice as a result of the delay. In
some cases, the delay may be so excessive so as to be presumptively prejudicial. Guajardo v. State,
999 S.W.2d 566, 570 (Tex.App.--Houston [14th Dist.] 1999, pet. ref’d), citing Doggett, 505 U.S.
at 654-57, 112 S.Ct. 2686, 120 L.Ed.2d 520. Yet even in the case where the delay is presumptively
prejudicial, the appellant must nevertheless show that he has been prejudiced by the delay. Id. Once
the appellant has made such a showing, the burden shifts to the State to refute that prejudice. Id.,
citing Ex parte McKenzie, 491 S.W.2d 122, 123 (Tex.Crim.App. 1973).
            Prejudice must be assessed in light of the interests which the speedy trial right was designed
to protect: (1) to prevent oppressive pretrial incarceration; (2) to minimize anxiety and concern of
the accused; and (3) to limit the possibility that the defense will be impaired. Barker, 407 U.S. at
532, 92 S.Ct. at 2193. Of these three, the most serious is the last, because the inability of the
defendant to prepare a defense skews the fairness of the entire system. Id., 92 S.Ct. at 2193. 
Furthermore, with respect to the third interest, relating to the defendant’s ability to defend himself,
affirmative proof of prejudice is not essential to every speedy trial claim, because excessive delay
presumptively compromises the reliability of a trial in ways that neither party can prove or even
identify. Doggett, 505 U.S. at 655, 112 S.Ct. 2686. 
            Appellant admitted that he did not suffer pretrial incarceration or anxiety and concern. 
However, he did argue that his defense was greatly impaired by the delay due to the death of two
material witnesses, James Whitaker and James Sikes. Appellant asserted that Whitaker had testified
in a previous case and that he would have provided crucial exculpatory testimony for the defense. 
Appellant also contended that Sikes had an intimate knowledge of the financial structure of Lamco,
which was owned by co-defendant Albert Rodriguez. Appellant argued that Sikes’s testimony would
have been crucial and material to the defense.
            To show prejudice caused by lost testimony, an appellant must show: (1) the witness was
unavailable at the time of trial; (2) the testimony that would have been offered was relevant and
material to the defense; and (3) due diligence was exercised in an attempt to locate the witnesses for
trial. Phipps v. State, 630 S.W.2d 942, 947 (Tex.Crim.App. 1982); Parkerson v. State, 942
S.W.2d 789, 792 (Tex.App.--Fort Worth 1997, no pet.); Meyer v. State, 27 S.W.3d 644, 650
(Tex.App.--Waco 2000, pet. ref’d); Russell v. State, 90 S.W.3d 865, 873 (Tex.App.--San Antonio
2003, pet. ref’d). Because prejudice is obvious when witnesses die or disappear during a delay, a
defendant need only show that the prospective witness was believed to be material to the case, not
that the witness would have testified favorably to the defense. Webb v. State, 36 S.W.3d 164, 174-75
(Tex.App.--Houston [14th Dist.] 2000, pet. ref’d), citing Phillips, 650 S.W.2d at 402. In
determining if the witness is believed to be material to the case, a court can consider whether there
is any evidence that the defendant attempted to obtain the witness’s statement during the delay. 
Webb, 36 S.W.3d at 175.
            In his amended motion to dismiss filed on April 26, 1999, Appellant attached cross-examination testimony of Whitaker from a previous trial to show he would have given exculpatory
testimony. Appellant argued that Whitaker’s testimony was exculpatory since he testified that he
had no proof that money was missing. Appellant also attached his motion to produce a specific
witness, which contended that the State prevented him from interviewing Whitaker and Sikes. 
            First, our review of the record indicates that the Appellant took no action to suggest that the
witnesses’ testimony was material. There is nothing showing that Appellant attempted to interview,
take a sworn statement, or arrange for a subpoena of these witnesses. See Webb, 36 S.W.3d at 175. 
Second, our review of Whitaker’s testimony showed that Whitaker had only general knowledge of
the facts and provided no information regarding individual defendants. In addition, there is no
evidence as to why Sikes’s testimony was crucial and material to Appellant’s case. See Russell, 90
S.W.3d at 874. The Appellant’s bold assertion alone is insufficient to demonstrate prejudice. See
Webb, 36 S.W.3d at 175. Accordingly, Appellant failed to demonstrate that his defense was
impaired because of the delay. Therefore, this factor weighs against the Appellant.
E. Balancing the Barker Factors
            We must now balance the four Barker factors to determine whether the Appellant was denied
his right to a speedy trial. Weighing in favor of a finding of a violation of Appellant’s right to a
speedy trial is the seven year and three month delay. Weighing against a finding of a violation are
the Appellant’s failure to assert his claim until almost two years and nine months after his
indictment, his attempt initially to dismiss the case rather than to seek a speedy trial, and his failure
to make a prima facie showing of prejudice. Appellant failed to show that Whitaker and Sikes would
be material witnesses and he further failed to show that he made any attempt to communicate with
the witnesses prior to trial. Last, the reasons for delay should be attributed to both the Appellant and
the State. Thus, balancing the factors, we find that the trial court did not err in denying Appellant’s
motion for speedy trial. Accordingly, Appellant’s sole point of error on appeal is overruled, and the
judgment of the trial court is affirmed.

October 21, 2004                                                  
                                                                                     RICHARD BARAJAS, Chief Justice
Before Panel No. 2
Barajas, C.J., McClure and Chew, JJ.

(Do Not Publish)