NUMBER
13-04-239-CR

 

                         COURT
OF APPEALS

 

               THIRTEENTH
DISTRICT OF TEXAS

 

                  CORPUS
CHRISTI - EDINBURG

___________________________________________________________________

 

DARYL LEE,                                                            Appellant,

 

                                           v.

 

THE STATE OF TEXAS,                                              Appellee.

___________________________________________________________________

 

                  On
appeal from the 156th District Court

                              of
Bee County, Texas.

___________________________________________________  _______________

 

                     MEMORANDUM
OPINION

 

       Before
Chief Justice Valdez and Justices Hinojosa and Rodriguez

                      Memorandum
Opinion by Justice Rodriguez

 








Appellant, Daryl Lee, was indicted for and charged
with aggravated assault on a public servant causing serious bodily injury.  See Tex.
Pen. Code Ann. _ 22.02(b)(2) (Vernon Supp. 2004-05). 
In 2004, six years after the incident, the jury found appellant guilty
of the lesser included charge of assault on a public servant.  See id. '
22.01(b)(1).  The trial court sentenced
appellant to twenty years in prison and a fine of $5,000.  The trial court has certified that this case
is not a plea bargain case and that the defendant has the right to appeal.  See Tex.
R. App. P. 25.2(a)(2).  By two
points of error, appellant contends that (1) the State denied him the right to
a speedy trial, and (2) the punishment assessed was disproportionate to the
seriousness of the alleged offense.  We
affirm.

I.  Background

All issues of law presented by this case are well
settled, and the parties are familiar with the facts.  Therefore, we will not recite the law or the
facts in this memorandum opinion, except as necessary to advise the parties of
the Court's decision and the basic reasons for it.  See Tex.
R. App. P. 47.4.

II.  Analysis

A.  Denial of
Appellant's Right to a Speedy Trial








By his first point of error, appellant contends that
the State denied him the right to a speedy trial because over six years passed
from the time of his arrest to trial.  Under both the Sixth Amendment of the United
States Constitution and article I, section 10 of the Texas Constitution, a
criminal defendant possesses the right to a speedy trial.  U. S.
Const. amend. ' 1; Tex.
Const. art. 1, ' 10; Barker v. Wingo, 407 U.S. 514, 515
(1972).  When ascertaining whether the
State has denied appellant his right to a speedy trial, a court must balance
the State's actions and appellant's actions. 
Barker, 407 U.S. at 530. 
Courts must examine (1) the length of the delay, (2) the reasons for the
delay, (3) the appellant's effort to obtain a speedy trial, and (4) the
prejudice to the appellant.  See
Phillips, 650 S.W.2d at 401; Zamorano v. State, 84 S.W.3d 643,
647-48 (Tex. Crim. App. 2002).  No factor
alone is determinative; rather, courts balance the factors together.  Barker, 407 U.S. at 533.

When reviewing a trial court's holding on a speedy
trial assertion, appellate courts generally apply an abuse-of-discretion
standard of review for the factual components of the claim and a de novo
standard of review for the legal aspects of the claim.  Zamorano, 84 S.W.3d at 648.  Because appellant lost on his speedy trial
claim, we must assume that all fact issues were resolved in the State's
favor.  See id.  Consequently, the only issue in dispute,
whether the four factors weigh in appellant's favor, is a legal issue.  See id.; Johnson v. State, 954
S.W.2d 770, 771 (Tex. Crim. App. 1997). 
We must therefore apply a de novo standard of review.  See Zamorano, 84 S.W.3d at 648.

1.  Length of
Delay

The length of the delay between appellant's
indictment and the trial dictates whether the Court must examine the other
three factors when deciding whether the State denied appellant his right to a
speedy trial.  Barker, 407 U.S. at
530.  If the delay is more than the State
would ordinarily require to prosecute appellant, then the Court must engage in
a full speedy trial analysis, examining the other three factors. Doggett v.
U.S., 505 U.S. 647, 652 (1992). 
Generally, courts consider any delay between the accusation and the
trial that is longer than eight months to be presumptively unreasonable, thus
necessitating a full examination of whether appellant was denied his right to a
speedy trial.  See Harris v. State,
827 S.W.2d 949, 956 (Tex. Crim. App. 1992).








 In this case,
appellant was indicted on June 23, 1998. 
His jury trial did not begin until May 5, 2004, a difference of almost
six years.  This long delay weighs in
appellant's favor, and we must continue our examination of whether appellant
was denied his right to a speedy trial.  See
id.

2.  Reasons
for the Delay

The weight assigned to the State's reasons for the
delay varies.  Barker, 407 U.S. at
531.  The State acknowledges
responsibility for a four-month delay between the date of the alleged offense
on February 2, 1998, and the indictment on June 23, 1998.  Between May 29, 2000 and March 7, 2002,
appellant's appeal of the trial court's 
order denying appellant=s motion to dismiss for lack of a speedy trial was
pending in this Court.  There was also
one agreed continuance on March 19, 1999, and one oral motion for continuance
granted on February 26, 1999, without any indication as to which party
requested it.  Appellant, however,
requested, and the trial court granted, three continuances on April 19, 1999,
November 7, 2002, and March 9, 2004, respectively.  Furthermore, appellant delayed trial on
October 19, 1998, and again on January 12, 2004, because he wanted new
counsel.  Moreover, on May 17, 1999, and
November 15, 1999, trial was again delayed while the court waited for results
from appellant's requested psychiatric evaluation.  Finally, appellant failed to appear for trial
on February 3, 2003, resulting in the court issuing a capias order, delaying
the trial for several months.  Thus,
since the record indicates that appellant caused a disproportional amount of
the delay, the reasons for the delay weigh heavily in the State's favor.








3.  Assertion
of Appellant's Right to a Speedy Trial

Though not determinative by itself, courts heavily
weigh a defendant's failure to assert his right to a speedy trial in the
State's favor.  See Barker, 407
U.S. at 531-32; Phillips v. State, 650 S.W.2d 396, 400-01 (Tex. Crim.
App. 1983).  Furthermore, an appellant's
request for a dismissal for lack of a speedy trial rather than a request for a
speedy trial weakens appellant's claim that the trial court denied him a speedy
trial.  See Phillips, 650 S.W.2d
at 401; Zamorano, 84 S.W.3d at 651; Parkerson v. State,
942 S.W.2d 789, 791 (Tex. App.BFort Worth 1997, no pet.).








Appellant contends that he twice attempted to
dismiss his case by filing motions to dismiss for lack of a speedy trial, yet
he never filed a motion seeking to obtain a speedy trial.  The trial court granted appellant's first
motion to dismiss due to the court's failure to provide a speedy trial on May
2, 2000.  However, this Court overturned
that ruling on appeal because the trial court neither gave the State notice of
the hearing nor allowed them to present evidence.  See State v. Lee, No. 13-00-338-CR, 2002
Tex. App. LEXIS 1782, at *5-*6 (Tex. App.BCorpus Christi March 7, 2002, no pet.) (not
designated for publication).  Appellant
also claims that on January 6, 2004, he reasserted his motion to dismiss for
lack of a speedy trial.  Appellant never
filed a motion seeking to obtain a speedy trial; he only filed motions to
dismiss his case due to lack of a speedy trial. 
See Zamorano, 84 S.W.3d at 651; Phillips, 650 S.W.2d at
400-01.  Because appellant framed his
assertions of, and his arguments for, his right to a speedy trial as motions to
dismiss the State's entire case against him rather than as motions to obtain a
speedy trial, this factor also weighs in the State's favor.

4.  Prejudice
to Appellant Caused by the Delay

The State also asserts that the trial's delay did
not prejudice appellant.  Courts have
recognized that a trial's delay may be so excessive that it is presumptively
prejudicial to the defendant.  Doggett,
505 U.S. at 655-56.  Even when a delay is
presumptively prejudicial, however, the appellant must present some evidence
proving the delay prejudiced his case.  See
id. at 656.  Accordingly, the State's
burden to rebut any prejudice against the appellant shifts when appellant
offers evidence that the delay prejudiced his case.  Ex parte McKenzie, 491 S.W.2d 122, 123
(Tex. Crim. App. 1973).

In this case, appellant has neither presented any
evidence that he was prejudiced by the delay nor alleged that he was
prejudiced.  Therefore, since appellant
has failed to offer any evidence that he was prejudiced by the delay, the State
does not need to offer evidence to rebut any presumptive prejudice against appellant.  Accordingly, this factor weighs in the
State's favor. 

5.  Balancing
the Four Factors








Together, the four factors weigh against
appellant.  Although the trial did not
occur until nearly six years after appellant's indictment, appellant caused
much of this delay due to his continuances, his requests for new counsel, his
psychiatric evaluation, and his failure to appear for trial.  Furthermore, while appellant attempted to
dismiss his case for lack of a speedy trial, he never filed a motion to obtain
a speedy trial.  Finally, appellant never
alleged any prejudice caused by the delay in the record or in his brief.  Thus, we conclude the factors dictate that
the trial court did not deny appellant's right to a speedy trial.  Appellant's first point of error is therefore
overruled. 

B. 
Disproportionate Sentence

By his second point of error, appellant asserts the
punishment assessed was disporportionate to the seriousness of the
offense.  To preserve error for appeal,
the appellant must make a timely, specific objection.  Tex.
R. App. P. 33.1(a); Hull v. State, 67 S.W.3d 215, 217 (Tex. Crim.
App. 2002).  Failure to object to a
constitutional error at trial also waives that error.  See Curry v. State, 910 S.W.2d 490,
497 (Tex. Crim. App. 1995) (holding that failure to object at trial regarding
cruel and unusual punishment waives error). 
Because appellant failed to object to his sentence in the trial court,
error has not been preserved for appeal. 
Therefore, appellant's second point of error is also overruled.

III. 
Conclusion

Accordingly, we affirm the judgment and sentence of
the trial court.

 

NELDA V. RODRIGUEZ

Justice

 

Do not
publish.

Tex. R. App. P. 47.2(b).

 

Memorandum Opinion
delivered and 

filed this 4th day of
August, 2005.