**Ruben Bryan ROBERTS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 55662.**

Court of Criminal Appeals of Texas, Panel No. 2.

Sept. 20, 1978.

Arthur Neale Potts, Jr., Belton, for appellant.

Arthur C. Eads, Dist. Atty., and Gary W. Proffer, Asst. Dist. Atty., Belton, for the State.

Before ONION, P. J., and PHILLIPS and TOM G. DAVIS, JJ.

OPINION

ONION, Presiding Judge.

This is an appeal from a conviction for driving while intoxicated, subsequent offense, in which the punishment was assessed by the jury at three (3) years' confinement in the Texas Department of Corrections. The imposition of sentence was suspended and appellant was placed on probation. Notice of appeal was then given.

In his sole ground of error, appellant attacks the sufficiency of the evidence to convict because there was no legally admissible evidence to show that he was driving the motor vehicle.

The record reflects that the arresting officer had since joined the Marine Corps and was not available to testify at the trial. Although it appears that there were five people in another car which was involved in a minor collision with appellant's car, no one from that automobile was called as a witness.

In an attempt to place appellant behind the wheel of the vehicle, the State, over objection, introduced a "Texas Peace Officer's Accident Report" which indicated

that appellant was the operator of a vehicle. Included with that report was an affidavit of the arresting officer stating that he observed appellant behind the wheel of the vehicle immediately after the accident and that appellant appeared to be intoxicated.

§ 47 of Article 6701d, V.A.C.S., in part provides:

"All accident reports made by persons involved in accidents, by garages, or peace officers shall be without prejudice to the individual so reporting and shall be privileged and for the confidential use of the Department [of Public Safety] or other State agencies having use for the records for accident prevention purposes . . ."

■ Accordingly, the court erred in admitting the report into evidence and we find the evidence insufficient to support the judgment of the court.

The judgment is reversed and the cause remanded.

■ In *Burks v. United States*, —— U.S. ——, 98 S.Ct. 2141, 57 L.Ed.2d 1, the United States Supreme Court by opinion on June 14, 1978, held that the "Double Jeopardy Clause precludes a second trial once the reviewing court has found the evidence legally insufficient . . . ." In *Greene v. Massey*, —— U.S. ——, 98 S.Ct. 2151, 57 L.Ed.2d 15, handed down the same day as the *Burks* decision, the Supreme Court held, "Since the constitutional prohibition against double jeopardy is fully applicable to state criminal proceedings, *Benton v. Maryland*, supra [395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969)], we are bound to apply the standard announced in *Burks* to the case now under review."

Having found that reversal must result in the instant case since we concluded that the evidence is insufficient to support the conviction, the Supreme Court's decisions in *Burks v. United States*, supra, and *Greene v. Massey*, supra, dictate that no further prosecution be had in this cause.

The judgment of conviction is set aside and is reformed to show an acquittal.

For the reasons stated, the judgment is reversed.