Archie SHAW, Appellant,

v.

The STATE of Texas, Appellee.

No. 68602.

Court of Criminal Appeals of Texas, Panel No. 2.

Oct. 21, 1981.

Gary H. Gatlin, Jasper, for appellant.

Bill A. Martin, Dist. Atty., Newton, Robert Huttash, State's Atty., Austin, for the State.

Before ONION, P. J., and W. C. DAVIS and TEAGUE, JJ.

OPINION

ONION, Presiding Judge.

This is an appeal from an order revoking probation. On May 13, 1980, appellant entered a guilty plea before the court to the offense of possession of marihuana of more than four ounces. Punishment was as-

sessed at six (6) years' imprisonment and a fine of $2,000.00.

On September 3, 1980, the State filed a motion to revoke probation alleging that on or about September 1, 1980 in Sabine County the appellant committed the offense of driving a motor vehicle upon a public road while intoxicated.

On February 13, 1981, the court conducted a hearing on said motion at the conclusion of which the court revoked probation upon the ground alleged. Punishment was reduced to four (4) years' imprisonment. Sentence was imposed and notice of appeal was given.

On appeal appellant contends there was (1) no evidence or (2) insufficient evidence to show, if he was driving a motor vehicle, that it was on a public highway or road.

Billy R. Horton, deputy sheriff of Sabine County, testified he arrested the appellant on September 1, 1980, at 7:15 p. m. in "front of the Twitty Burger on Highway 87" in Sabine County. He related he saw the appellant Shaw driving his vehicle. Shaw was alone. The record further reflects the following on direct examination:

"Q  Okay. All right. So what happened then, as briefly as you can tell us?

"A  Well, I saw him *pass*, I was sitting there parked by the Conoco Station, I saw him *pass*, and I think—I thought he was drinking a beer, and when he—

"Q  Drinking something then?

"A  Yes, sir. And when he *turned in*, his old truck died and he was acting funny with it, *and he didn't pull into Twitty Burger, he pulled up behind all the cars that was parked in there.* I pulled up beside him and he threw the beer he was drinking over in the seat beside of him, and I got out and talked to him a little bit, and I saw he was intoxicated, and got him out." (Emphasis supplied).

Horton related that the appellant was staggering when he got out of the pickup. There was a case of beer on the seat of the

pickup and a cooler in back of it with three or four cans. He had $12,652.00 in his possession.

It was stipulated that a breathalyzer test was administered to the appellant and that "he registered .24."

Appellant testified he started home and went to a motel to pick up a key "because she[1] wanted me to fix a pickup for her, and she had the key."

Appellant stated "she" was not there and he went to Twitty's where he was told she was so he could get the key. It was there that he was arrested on the parking lot of Twitty Burger.

■ The burden of proof in a revocation of probation proceeding, as established by the majority of this court, is by a preponderance of the evidence. *Scamardo v. State*, 517 S.W.2d 293 (Tex.Cr.App.1974); *Wester v. State*, 542 S.W.2d 403 (Tex.Cr.App.1976); *Keel v. State*, 544 S.W.2d 151 (Tex.Cr.App.1976); *Russell v. State*, 551 S.W.2d 710 (Tex.Cr.App.1977). That burden is, of course, upon the State. *Jones v. State*, 560 S.W.2d 673 (Tex.Cr.App.1978); *Battle v. State*, 571 S.W.2d 20 (Tex.Cr.App. 1978). Thus it is recognized that the prosecution bears the burden of proving every element relied upon revocation. *Reed v. State*, 533 S.W.2d 35 (Tex.Cr.App.1976); *Grant v. State*, 566 S.W.2d 954 (Tex.Cr.App. 1978); *Battle v. State*, supra.

In *Ford v. State*, 571 S.W.2d 924 (Tex.Cr.App.1978), this court stated:

"To sustain a conviction for driving a motor vehicle while intoxicated, the evidence must show that the appellant drove the vehicle while intoxicated on a public road, highway, street, or alley. *Johnson v. State*, 517 S.W.2d 536 (Tex.Cr.App. 1975)." See *Snider v. State*, 165 S.W.2d 904 (Tex.Cr.App.1942).

In *Young v. State*, 544 S.W.2d 421 (Tex. Cr.App.1976), it was written:

"The court will not presume any acts against the accused that are not shown to have been committed by him. Further-

1. "She," like many other things in this record, was not identified.

more, a conviction will not be sustained on appeal if the evidence does not sufficiently establish all material elements of the offense charged."

■ The evidence in the instant case shows that the arrest of the appellant took place on the parking lot of Twitty Burger which was located on Highway 87 in Sabine County. Deputy Horton saw appellant driving his pickup. He observed appellant "pass" while he was parked at the Conoco station. Horton then saw the appellant "turn in" and then stated appellant "didn't pull into Twitty Burger but pulled up behind all the cars that was parked in there."

Though Twitty Burger was shown to be located on Highway 87, there was no showing that it could only be reached by driving on said highway. The location of the Conoco station was not established and the area where Horton saw appellant drive, "pass" or "turn in" was not shown. The evidence clearly fails to show that appellant was driving upon a public highway or road. A question or two on direct examination of Horton or cross-examination could have easily clarified this matter. The State did not sustain its burden.

■ Appellant contends that the Double Jeopardy Clause prohibits a second revocation hearing on the same ground and that this court must not order reversal but order the prosecution dismissed. He cites *Burks v. United States*, 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978); *Greene v. Massey*, 437 U.S. 19, 98 S.Ct. 2151, 57 L.Ed.2d 15 (1978); *Ford v. State*, supra. See also *Roberts v. State*, 571 S.W.2d 10 (Tex.Cr.App.1978).

Appellant overlooks the majority opinion in *Davenport v. State*, 574 S.W.2d 73 (Tex.Cr.App.1978), which was decided adversely to his contention. There it was held that double jeopardy provisions of the federal and state constitutions were not applicable to revocation of probation proceedings.

Finding an abuse of discretion, the cause is reversed and remanded.