**Gregory O'Neal CLAY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 10–85–215–CR.**

Court of Appeals of Texas,
Waco.

April 24, 1986.

Carolyn G. Kousz, Waco, for appellant.

Vic Feazell, Crim. Dist. Atty., Kenneth R. Bennett, Asst. Dist. Atty., Waco, for appellee.

OPINION

McDONALD, Chief Justice.

This is an appeal by defendant Clay from probation revocation upon which a sentence of four years' confinement in the Texas Department of Corrections was imposed.

On May 10, 1983, Defendant plead guilty to theft of more than $200 but less than $10,000, and was sentenced to four years' confinement in the Texas Department of Corrections. On August 25, 1983, Defendant was placed on "shock probation" for four years. Defendant was twice continued on probation after the filing of motions to revoke. After the third motion to revoke was filed, Defendant's probation was revoked due to violations of the terms of his probation by failing to report to the probation office between February 21, 1985, and May 2, 1985, and by failing to submit urine samples on three occasions. Defendant was then sentenced to four years in the Texas Department of Corrections.

Defendant appeals on 3 grounds.

Ground 1 asserts that there is insufficient evidence to support the trial court's finding that Defendant failed to report, and the trial court thus abused its discretion in revoking probation. Ground 2 asserts that there is insufficient evidence to support the trial court's finding that Defendant failed to submit a urine sample, and the trial court thus abused its discretion in revoking probation.

At a probation revocation hearing, the State must only prove that the defendant has violated his probation by a preponderance of the evidence. *Shaw v. State,* 622 S.W.2d 862, 863 (Tex.Cr.App. 1981); *Scamardo v. State,* 517 S.W.2d 293, 298 (Tex.Cr.App.1974). Defendant's probation officer testified at the probation revocation hearing that Defendant did not report to the probation office between February 21, 1985, and May 2, 1985. This is

sufficient evidence to support the trial court's finding that Defendant violated condition (7) of his probation by failing to report. Defendant's probation officer also testified that he asked Defendant to give a urine sample on February 13, 1985, but that Defendant stated that he was unable to produce a sample at that time. Defendant was asked to take a seat in the waiting room until he was able to give a urine sample. Defendant left the office and did not return until February 21, 1985, at which time he was again requested to give a urine sample, and Defendant again claimed that he could not give a sample at that time. Defendant was told to return at 11:00 a.m. to try again. Defendant did not return until after the probation office had closed and his probation officer told him to come back at 8:00 a.m. the following day and give the urine sample. Defendant did not return on February 22, 1985. There was sufficient evidence to support the trial court's finding that Defendant failed to submit a urine sample on February 13, 1985, February 21, 1985, and February 22, 1985, in violation of condition (12) of his probation.

Grounds 1 and 2 are overruled.

■ Ground 3 asserts that requiring Defendant to submit a urine sample violated his constitutional right against an unreasonable search and seizure.

Condition (12) of Defendant's probation stated that Defendant was to "[s]ubmit a urine sample and/or blood sample to the Probation Officer or his assistant at any time a request for such sample is made". The requirement that a defendant submit to weekly urinalysis tests has been held to be reasonably related to the purposes of probation, and does not constitute an unreasonable search and seizure. *Macias v. State*, CA (El Paso) no pet., 649 S.W.2d 150, 152–53 (1983). The condition of probation requiring Defendant to submit a urine sample at any time requested by his probation officer does not violate Defendant's right against unreasonable search and seizure.

Ground 3 is overruled.

AFFIRMED.