**Scott Dean ROBERTSON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 06–98–00018–CR.**

Court of Appeals of Texas, Texarkana.

Submitted Jan. 14, 1999.

Decided Jan. 15, 1999.

Discretionary Review Refused June 6, 1999.

R. Daryll Bennett, Attorney at Law, Long-view, for appellant.

Tim Cone, District Attorney, Gilmer, for appellee.

Before CORNELIUS, C.J., GRANT and ROSS, JJ.

## OPINION

GRANT, Justice.

Scott Dean Robertson appeals from a conviction for murder. Robertson was indicted for intentionally and knowingly causing the death of Pamela Robertson by shooting her with a deadly weapon on May 27, 1997. The jury returned a guilty verdict and assessed punishment at fifty years' confinement.

■ Robertson argues the trial court erred in overruling his motion to suppress the results of a urinalysis performed while he was in custody for the instant murder charge. Positive results were admitted at the punishment phase of trial. Robertson contends that the taking of the urine sample while he was confined for the murder charge was a warrantless search and seizure and that the evidence was inadmissible and should have been suppressed because ample time existed to obtain a warrant.

■ The ruling of a trial court on a motion to suppress evidence will not be set aside absent a showing of abuse of discretion. *Maddox v. State*, 682 S.W.2d 563, 564 (Tex. Crim.App.1985); *Braggs v. State*, 951 S.W.2d 877, 880 (Tex.App.—Texarkana 1997, pet. ref'd). We do not engage in our own factual review. *Braggs v. State*, 951 S.W.2d at 880. Instead, viewing the evidence in the light most favorable to the trial court's ruling, we consider only whether the trial court improperly applied the law to the facts. *Romero v. State*, 800 S.W.2d 539, 543 (Tex.Crim.App. 1990); *Braggs v. State*, 951 S.W.2d at 880. At the hearing on a motion to suppress, the trial judge is the sole fact finder and, as such, may believe or disbelieve all or any part of any witness' testimony. *Taylor v. State*, 604 S.W.2d 175, 177 (Tex.Crim.App. [Panel Op.] 1980); *Santos v. State*, 822 S.W.2d 338, 339 (Tex.App.—Houston [1st Dist.] 1992, pet. ref'd). Therefore, any finding supported by the record will not be disturbed on appeal. *Green v. State*, 615 S.W.2d 700, 707 (Tex. Crim.App. [Panel Op.] 1980); *Santos v. State*, 822 S.W.2d at 339.

The relevant evidence at the suppression hearing, viewed in the light most favorable to the trial court's ruling, includes testimony from John Spivey. Spivey was Robertson's supervising probation officer at the time of the murder charge. Spivey testified that a condition of Robertson's probation was to submit to drug testing. The urinalysis of Robertson, taken by the probation department after he was arrested, revealed that

cocaine was present in Robertson's system. Spivey further testified that the urinalysis was not performed at the request of any other law enforcement agency, but was done strictly as a standard procedure of the probation department after an arrest of an individual who is on probation.

The requirement that a defendant submit to urinalysis tests has been held to be reasonably related to the purposes of probation and does not constitute an unreasonable search and seizure. *Clay v. State,* 710 S.W.2d 119, 120 (Tex.App.—Waco 1986, no pet.); *Macias v. State,* 649 S.W.2d 150, 152 (Tex.App.—El Paso 1983, no pet.). Drug testing was an appropriate condition of Robertson's probation. Robertson's argument that the probation department was required to have a warrant is without merit.

After reviewing all of the evidence in the light most favorable to the trial court's ruling, this Court finds that the trial court did not abuse its discretion in overruling Robertson's motion to suppress. Robertson's point of error is overruled.

The judgment of the trial court is affirmed.