Opinion issued July 7, 2011.



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-10-00023-CR

———————————

Brant Alsenz, Appellant

V.

The State of
Texas, Appellee



 



 

On Appeal from the 240th District Court 

Fort Bend County, Texas



Trial Court Case No. 37913A

 



 

MEMORANDUM OPINION

Appellant
Brant Alsenz appeals an order from Fort Bend County revoking his probation on a
robbery conviction and ordering his ten-year sentence for that offense be
served consecutive to a 25-year sentence he is serving for a murder conviction
in Harris County.  We affirm.

BACKGROUND

On March 2, 2004, following his
guilty plea to the second-degree felony of robbery, the Fort Bend County
District Court sentenced appellant to a 10-year probated sentence.  That sentence carried several conditions,
including a prohibition on committing any other offense or using drugs.  On May 6, 2004, appellant tested positive for
marihuana and, on August 4, 2004, he tested positive for marihuana and
cocaine.  A sanctions hearing was held,
and appellant was placed in a rehabilitation facility for chemical-dependency
treatment on August 16, 2004.  Following
his successful discharge from that program on November 15, 2004, appellant
again testified positive for drugs—cocaine and Phencyclidine—on December
15, 2004.  

At a sanctions hearing on December
21, 2004, the State gave appellant the option of entering another drug-rehabilitation
program.  At that hearing, appellant was
also informed that, if he declined additional treatment, the State would file a
motion to revoke his probation.  He was
not taken into custody at the hearing.  

On January 21, 2005, the Fort Bend
County Probation Department learned that appellant had been charged and arrested
in Harris County for murdering his girlfriend on December 31, 2004.  On February 24, 2005, a motion to revoke the
appellant’s probation on his Fort Bend robbery conviction was filed in Fort
Bend County, citing as grounds (1) the Harris County murder, (2) the failed
drug tests, (3) appellant’s failure to complete community service hours and (4)
his failure to pay certain court fees, restitution, and costs.  

While incarcerated in Harris
County, appellant was charged with assaulting and causing serious bodily injury
to a member of Harris County Jail’s emergency response team on July 28, 2007,
and with assaulting a Harris County Jail deputy on August 11, 2007.  On October 18, 2007, an amended motion to
revoke appellant’s probation (“Amended Motion to Revoke”) was filed in Fort
Bend adding the July 2007 stabbing of jail personnel as an additional ground
supporting revocation. 

On July 8, 2008, appellant pleaded
guilty in Harris County to the charge of murdering his girlfriend, and was
sentenced to 25-years’ confinement.  He
was transferred to Fort Bend County on November 13, 2008 for a hearing on the
Amended Motion to Revoke.  The following
day, November 14, 2008, appellant requested a lawyer be appointed to represent
him in the revocation proceedings.  On
November 24, 2008, counsel was appointed.  Between November 24, 2008 and June 2009, the
hearing was continued and reset six times. 
On June 29, 2009, appellant filed a motion to substitute counsel, which
the court granted on July 1, 2009. 

Also on July 1, 2009—the first day of the revocation hearing—appellant’s new counsel filed a Motion and
Amended Motion for Dismissal for Failure to Provide a Speedy Trial (“Amended
Motion to Dismiss”).  In this motion,
appellant argued that appellant had been prejudiced by delay because, had the
revocation hearing been held “previous to 7/08/08, defendant would have had no
murder conviction available for sentencing consideration.” 

From July 1, 2009 through July 6,
2009, an associate judge held a hearing on the State’s Amended Motion to Revoke
and appellant’s Amended Motion to Dismiss. 
The associate judge denied appellant’s Amended Motion to Dismiss,
granted the State’s Amended Motion to Revoke, and ordered appellant’s ten-year
sentence to be cumulative of his Harris County murder conviction sentence and,
thus, begin after his 25-year sentence is served.  Appellant was credited for 632 days already served.  

On July 13, 2009, appellant
appealed the associate judge’s ruling, seeking a de novo hearing with the
presiding judge.  On October 26, 2009,
appellant filed a Second Amended Motion for Speedy Trial (“Second Amended
Motion to Dismiss”), again seeking dismissal or, alternatively, a sentence of
no more than five years to run concurrently with appellant’s Harris County
sentence.  In this unverified motion,
appellant argued that he was prejudiced by the delay in holding a hearing on
the State’s motion to revoke. 
Specifically, he claimed that he “suffered serious physical and
emotional abuse from Harris County jail guards during his 5 years plus wait”
and that this “abuse and fear of being tormented and psychically injured
culminated in an involuntary plea to the offense of murder in Harris
County.”  Appellant also argued that the
death of his girlfriend was an accident, and that he and his family endured
long-term stress during his five-year incarceration under the threat of a
cumulative sentence in this case. 
Finally, he complained that he could no longer locate the co-defendants
or the complainant in the underlying robbery case, who he anticipated would
testify “in mitigation on Defendant’s behalf saying that it was an impulsive
acquiescence to join in to right a perceived wrong between two parties involved
in the use of controlled substances and that Defendant was using controlled
substances at the time in question.” 
According to appellant, “[b]oth would testify that the Defendant was
unarmed and just stood there at the time.” 
          

On November 24-25, 2009, the
presiding judge held a hearing on appellant’s Second Amended Motion to Dismiss
and the State’s Amended Motion to Revoke. 

A.   The Trial Court’s Judgment

 On November 25, 2009, the presiding judge denied
appellant’s Second Amended Motion to Dismiss, granted the State’s Amended
Motion to Revoke, and sentenced appellant to 10-years’ confinement, consecutive
to follow his 25-year Harris County sentence. 
Appellant was credited for 824 days already served.  

On December 18, 2009, the trial
court entered a Judgment Nunc Pro Tunc, changing the 824-day credit for time
served to “4 Years and 168 days” credited for time served.  

B.   This Appeal    

Appellant seeks reversal of the
trial court’s revocation order through three points of error: (1) “the trial
court erred in denying appellant’s motion requesting dismissal for lack of a
speedy trial,” (2) “the trial court erred in cumulating its sentence on a
conviction lacking finality,” and (3) the trial court erred in finding the
Harris County murder conviction “sufficient legally for the culmination
order.”    

Speedy Trial

In his first point of error,
appellant argues that the trial court erred by denying his motion requesting
dismissal for lack of a speedy trial.  He
contends that his “pretrial incarceration period should be measured from
December 15, 2004 because of the state’s gross negligence in releasing
Appellant” after he tested positive for drug use.  “The end date,” he argues, “should be
November 24, 2009 when the final hearing began” on his de novo appeal from the
associate judge’s ruling.  Because this
period is almost five years, appellant argues that the delay was presumptively
unreasonable.  

Appellant further asserts that “the
[S]tate provided no reason for the delays,” that “Appellant, by his actions,
asserted his rights to a speedy trial in both [the Harris County and Fort Bend]
cases,” and that he was prejudiced because he was “sentenced on the basis of
commission of murder and felony assault on a law enforcement officer . . .
instead of being sentenced on the basis of drug usage, technical violations and
the instant robbery case.”      

A.   Applicable law

The right to a speedy trial is
guaranteed by the Sixth Amendment of the United States Constitution and applies
to the states through the Fourteenth Amendment.  Barker
v. Wingo, 407 U.S. 514, 515, 92 S. Ct. 2182, 2184 (1972).  An accused is also guaranteed the right to a
speedy trial by the Texas Constitution. Tex.
Const. art. I, § 10; see also Tex. Code Crim. Proc. Ann. art. 1.05
(Vernon 2005).  Texas courts look to the
federal courts to determine constitutional rights and apply the test
articulated in Barker for a
speedy-trial analysis.  Harris v. State, 827 S.W.2d 949, 956
(Tex. Crim. App. 1992).  The Barker test requires a reviewing court
to balance four factors to determine whether one’s right to a speedy trial has
been violated: (1) the length of delay; (2) the reason for the delay; (3)
defendant’s timely assertion of his speedy-trial right; and (4) prejudice to
the defendant resulting from the delay.  Barker, 407 U.S. at 530, 92 S. Ct. at
2192.  As the reviewing court, in
evaluating a speedy trial claim, we review factual issues for abuse of
discretion and legal issues de novo.  State v. Munoz, 991 S.W.2d 818, 821
(Tex. Crim. App. 1999).

B.  
Application

1.     Length of Delay

The length of the delay is
considered a “triggering mechanism”—absent a presumptively prejudicial delay, a reviewing court need not
consider the other Barker factors.  Barker,
407 U.S. at 530, 92 S. Ct. at 2192.  The
Court of Criminal Appeals has recognized generally that delays of eight months
or longer is presumptively unreasonable, thereby triggering a speedy-trial
analysis.  Harris v. State, 827 S.W.2d 949, 956 (Tex. Crim. App. 1992); see also Doggett v. United States, 505
U.S. 651, 647 n.1, 112 S. Ct. 2686, 2691 n.1 (1992) (holding delay
“presumptively prejudicial at least as it approaches one year”).  This Court has likewise held that an eight-month
delay is presumptively unreasonable.  Ervin v. State, 125 S.W.3d 542, 546
(Tex. App.—Houston [1st Dist.] 2002, no pet.).  

The State argues that the relevant
period runs not from December 15, 2004 (the date he tested positive for drug
use), but instead from the date the motion to revoke was filed on February 24,
2005.  It further contends that the
period would end on June 1, 2009, the date the hearing began before the
associate judge, rather than November 24, 2009 (the date of the presiding
judge’s de novo hearing).  In any event,
the State concedes that the delay in this case exceeding four years “weigh[s]
against the State, but is not necessarily dispositive of this case.”  We therefore evaluate appellant’s claim under
the remaining Barker factors.

2.     Reason for Delay

The State bears the burden to
justify a presumptively unreasonable delay. Phillips
v. State, 650 S.W.2d 396, 400 (Tex. Crim. App. 1983). A deliberate attempt
to delay the trial to hamper the defense weighs heavily against the government.
 Barker,
407 U .S. at 531, 92 S. Ct. at 2192. 

Here, appellant was incarcerated on
murder charges in Harris County for much of the pendency of the underlying
revocation proceedings.  He was sentenced
in the murder case on July 8, 2008 and transferred from Harris County to prison
facilities.  He was then transported to
Fort Bend four months later, on November 13, 2008, and appointed an attorney
less than two weeks later.  Appellant’s
only argument for weighing the “reason for delay” Barker factor against the State is his assertion that “with the
knowledge of drug use and Appellant’s criminal history, the state should have,
at a minimum, requested that the Appellant be placed in custody or placed in a
drug treatment facility and filed a motion to revoke on December 15,
2004.”  Appellant thus insists that the
“delays should be weighed heavier on the state because of its gross negligence
in the failure to act in a reasonable manner on December 15, 2004 and
incarcerate the Appellant.”  

A delay that is caused by a neutral
event, not “due to ‘a deliberate attempt to delay the trial’” should not be
weighed against the State.  State v. Williams, 90 S.W.3d 913, 920
(Tex. App.—Corpus Christi 2002, no pet.) (citing Barker, 407 U.S. at 531, 92 S.Ct. at 2182).  At least one other court of appeals has
declined to weigh against the State time that the defendant “was free or was
confined for other charges unrelated to the current matters.”  Wade v.
State, 83 S.W.3d 835, 839 (Tex. App.—Texarkana 2002, no pet.).  The reason for delay in this case should
weigh only slightly, if at all, against the State.  

3.     Assertion of Speedy Trial Right

A defendant’s assertion of his
right to a speedy trial is entitled to strong evidentiary weight.  Barker,
407 U.S. at 531–32, 92 S. Ct.
at 2192–93.  Likewise, a defendant’s failure to assert the
right to a speedy trial makes it difficult to prove that he was denied a speedy
trial.  Id. at 532, 92 S. Ct. at 2193;  Shaw v.
State, 117 S.W.3d 883, 890 (Tex. Crim. App. 2003); Dragoo v. State, 96 S.W.3d 308, 314 (Tex. Crim. App. 2003).

Here, appellant never requested a
speedy trial.  Rather, he filed a motion
to dismiss on the first day of the revocation hearing.  “Filing for a dismissal instead of a speedy
trial will generally weaken a speedy-trial claim because it shows a desire to
have no trial instead of a speedy one.” Cantu
v. State, 253 S.W.3d 273, 283 (Tex. Crim. App. 2008) (citing Zamorano v. State, 84 S.W.3d 643, 651
n.40 (Tex. Crim. App. 2002)).  “Under Barker, appellant’s failure to
diligently and vigorously seek a rapid resolution is entitled to ‘strong
evidentiary weight.’”  Id. at 284.

Appellant concedes that he never
filed a motion for speedy trial in the Fort Bend revocation proceedings.  Nonetheless, without citation to the record,
he insists that he, “by his actions, asserted his rights to a speedy trial in
both” the Harris County and Fort Bend proceedings.  Specifically, he contends that his lawyer in
his Harris County case “ignored [his] need and his verbalized strong desire for
a speedy trial.”  

But similar to the defendant in Cantu, “appellant never requested a
speedy trial; he sought only an outright dismissal and tried to prove that he
acted on the desire for a speedy resolution.”  253 S.W.3d at 284–85.  The
trial court was not presented any evidence in support of assertion that he
previously sought a speedy trial, and appellant cites none here.  Appellant’s failure to ever request a speedy
trial in the Fort Bend revocation proceedings before filing a motion for
dismissal weighs heavily against appellant.

4.     Prejudice Caused by the Delay

The defendant bears the burden to
make a prima facie showing of prejudice.  
State v. Munoz, 991 S.W.2d
818, 826 (Tex. Crim. App. 1999).  If
shown, the State must prove that “the accused suffered no serious prejudice
beyond that which ensued from the ordinary and inevitable delay.”  Id.
(quoting Ex parte McKenzie, 491
S.W.2d 122, 123 (Tex. Crim. App. App. 1973)).  We assess prejudice “in the light of the
interests of defendants which the speedy trial right was designed to protect”
in determining prejudice caused by the delay. 
Barker, 407 U.S. at 532, 92 S.
Ct. at 2193.  The right to a speedy trial
is designed to protect the following three interests of a defendant: (1)
prevention of oppressive pretrial incarceration; (2) minimization of anxiety
and concern of the accused; and (3) limiting the possibility of impairment of
the accused’s defense.  Id.  The last type of prejudice is the most
serious, although a defendant’s claim that his right to a speedy trial was
violated does not absolutely require that he demonstrate prejudice to his ability
to present a defense. Zamorano v. State,
84 S.W.3d 643, 652 (Tex. Crim. App. 2002).

Delay does not per se prejudice a defendant.  See
Barker, 407 U.S. at 521, 92 S. Ct. at 2187.  Considering that the State bears the burden of
proof at trial, delay can be either employed or acquiesced to as a defense
tactic.  Appellant argues that the delay
subjected him to oppressive pretrial incarceration in Harris County, where he alleged
that he did not receive proper medical care and was “verbally abused and tortured.”  This argument, however, goes strictly to the
delay occasioned by delays in his murder trial in Harris County that were not
impacted by when his revocation hearing occurred.

In arguing that the delay caused
him to suffer anxiety and concern, appellant contends that he and his family
suffered an “unusually difficult emotional period during his incarceration in
the Harris County Jail” because (1) he would not have killed his girlfriend if
Fort Bend had him in custody after his failed drug test in December 2004; (2)
he was injured by guards in Harris County jail, causing hospitalization in one
instance; (3) his family feared for his well-being because they heard reports
of the death of a Harris County inmate around the time that appellant was
beaten by guards; (4) he would not have been falsely charged with two more
felony assaults while awaiting trial in Harris County; and (5) he would not
have suffered all of the pain and injuries had he received a speedy trial.  “Evidence of generalized anxiety, though
relevant, is not sufficient proof of prejudice under the Barker test.”  Cantu, 253 S.W.3d at 286.  This is especially true here, where appellant
does not identify anxiety and concern specific to the revocation proceedings in
Fort Bend County, but rather anxiety related to his confinement awaiting murder
trial in Harris County.      

Specific to prejudice in Fort Bend
County, appellant argues that he was “sentenced on the basis of commission of
murder and felony assault on a law enforcement officer . . . instead of being
sentenced on the basis of drug usage, technical violations and the instant
robbery case.”  This argument ignores
that the Fort Bend court could revoke his probation if the State established that
he murdered his girlfriend by a preponderance of the evidence without regard
for whether he was yet, or ever, convicted of that crime in Harris County.  See, e..g., Shaw v. State, 622 S.W.2d 862, 863
(Tex. Crim. App. 1981).  Thus, had his
Fort Bend revocation hearing been held while he was in Harris County awaiting
his murder trial, that fact would not, as appellant contends, mean that his
murder and assault charges would not have been considered despite their not yet
being the subject of a conviction in Harris County.     

The State argues that, rather than
prejudice his defense, appellant could reasonably have believed that delaying
the revocation until after resolution of the Harris County charges was a
reasonable strategy.  Appellant concedes
as much, noting in his brief that had the Harris County case resolved itself—as he hoped—with an acquittal or, alternatively, a manslaughter or negligent homicide
conviction, “far better odds existed [that] a lesser sentence” to be served
consecutively would have been imposed in the Fort Bend revocation proceedings.  Because what appellant characterizes as
prejudice from delay in the Fort Bend revocations proceedings are attributable
to his time awaiting trial on Harris County murder charge or attributable to
his own actions, we hold that appellant has not demonstrated any prejudice
caused by delay.

In sum, appellant has not
demonstrated that the trial judge’s ruling denying his motion to dismiss was
unsupported by the evidence.  “From this
record, one could conclude that appellant did not really want a speedy trial;
he wanted only a dismissal” of his revocation proceedings.  Cantu,
253 S.W.3d at 286.  The fact that the
majority of the delay and prejudice claimed by appellant is related to his
Harris County murder charge rather than the Fort Bend revocation proceedings,
coupled with the fact that appellant never asserted a right to a speedy trial
before requesting dismissal on the eve of the revocation hearing, supports the
trial court’s refusal to dismiss.  We
overrule appellant’s first point of error.

CUMULATING SENTENCE

In his second point of error,
appellant asserts that, because there was a habeas corpus petition pending
challenging his murder conviction at the time of the revocation hearing, this
Court should conclude that murder conviction was not final, hold that a
nonfinal conviction cannot be used to cumulate a sentence and, finally, reform
the order in this case to require appellant’s sentences to run
concurrently.  See Beedy v. State, 250 S.W.3d 107, 110 (Tex. Crim. App. 2008)
(remedy for unlawful cumulation order is reformation of the judgment).  In support, appellant cites Beal v. State, which holds that a
conviction on direct appeal is not final until the mandate issues for purposes of
using that conviction as a “prior conviction” enhancement in an
indictment.   91 S.W.3d 794, 796 (Tex.
Crim. App. 2002).

The State argues that Beal is inapplicable because it dealt
with an enhancement in an indictment, which is not at issue in this case.  Here, appellant’s sentence was not enhanced
with the murder conviction—it was made
cumulative to his sentence for murder pursuant to article 42.08 of the Texas
Code of Criminal Procedure.  That section
provides:

When the same defendant has been convicted in
two or more cases, judgment and sentence shall be pronounced in each case in
the same manner as if there had been but one conviction. Except as provided by
Sections (b) and (c) of this article, in the discretion of the court, the
judgment in the second and subsequent convictions may either be that the
sentence imposed or suspended shall begin when the judgment and the sentence
imposed or suspended in the preceding conviction has ceased to operate, or that
the sentence imposed or suspended shall run concurrently with the other case or
cases, and sentence and execution shall be accordingly.

Tex. Code Crim. Proc Ann. art.
42.08(a) (Vernon 2006).  

We agree with the State.  Appellant cites no authority, and we have
located none, supporting the proposition that a pending collateral attack on a
final judgment of conviction through a habeas corpus proceeding renders that
conviction not final.  Nor has appellant
cited any authority extending Beal’s date-of-final-conviction
analysis to article 42.08 cumulation orders. 
We overrule appellant’s second point of error.

SUFFICENCY OF THE EVIDENCE TO SUPPORT CUMULATION  

Related to appellant’s second point
of error, he argues in his third point of error that the trial court abused its
discretion by ordering consecutive sentences because the alleged lack of
finality of the murder conviction renders it legally insufficient to support
the cumulation order.  For the reasons we
overruled appellant’s point of error two, we overrule point of error three.

 

CONCLUSION 

We affirm the trial court’s
judgment. 

 


 

 

 

                                                                   Sherry
Radack

                                                                   Chief
Justice 

 

Panel
consists of Chief Justice Radack and Justices Sharp and Brown.

Do
not publish.   Tex. R. App. P. 47.2(b).