ACCEPTED
01-15-00134-CR
FIRST COURT OF APPEALS
HOUSTON, TEXAS
11/19/2015 8:30:28 PM
CHRISTOPHER PRINE
CLERK

No. 01-15-00134-CR

_____

**IN THE
COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS
AT HOUSTON**

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS
11/19/2015 8:30:28 PM
CHRISTOPHER A. PRINE
Clerk

_____

**JENNIFER LEANN WATSON**

**VS.**

**THE STATE OF TEXAS**

_____

**Appealed from the 338th District Court
of Harris County, Texas
Cause Number 1363069**

_____

**APPELLANT'S BRIEF**

_____

**RANDALL J. AYERS**
**Attorney for Appellant**
**State Bar No. 01465950**
**P.O. Box 1569**
**Houston, Texas 77251-1569**
**rjayerslaw@comcast.net (email)**
**(281) 493-6333 (telephone)**
**(281) 493-9609 (fax)**

**ORAL ARGUMENT WAIVED**

## IDENTIFICATION OF THE PARTIES

Pursuant to **Tex. R. App. P. 38.1(a)**, a complete list of the names of all interested parties is provided below:

1.  JENNIFER LEANN WATSON – Appellant
    14703 Red Canary Court
    Cypress, Texas 77433-6632

2.  CHERYL BROWN – Trial Counsel for Appellant
    1314 Texas Avenue, Suite 1201
    Houston, Texas 77002-3525

3.  RANDALL J. AYERS – Appellate Counsel for Appellant
    P.O. Box 1569
    Houston, Texas 77251-1569

4.  BRADFORD CROCKER – Trial Counsel for State
    Harris County District Attorney's Office
    1201 Franklin, Suite 600
    Houston, Texas 77002-1997

5.  LAUREN BARD – Trial Counsel for State
    Harris County District Attorney's Office
    1201 Franklin, Suite 600
    Houston, Texas 77002-1997

6.  ALAN CURRY – Chief Appellate Counsel for State
    Harris County District Attorney's Office
    1201 Franklin, Suite 600
    Houston, Texas 77002-1997

7.  HONORABLE BROCK THOMAS – Trial Judge
    338th District Court
    1201 Franklin, 15th Floor
    Houston, Texas 77002-1913

## TABLE OF CONTENTS

**Page**

IDENTIFICATION OF THE PARTIES …………………………..…   1

INDEX OF AUTHORITIES ………………………………….....   3

STATEMENT REGARDING ORAL ARGUMENT ……………..   4

STATEMENT OF THE CASE …………………………………..…   4

ISSUES PRESENTED FOR REVIEW …………………………….   5

STATEMENT OF FACTS ……………………………………..……   5

SUMMARY OF THE ARGUMENT …………………………….…   9

POINT OF ERROR ONE …………………………………………..   9

**THE TRIAL COURT ABUSED ITS DISCRETION BY REVOKING APPELLANT'S COMMUNITY SUPERVISION FOR COMMITTING THE OFFENSE OF POSSESSION OF A CONTROLLED SUBSTANCE WHEN THE EVIDENCE DID NOT PROVE ALL OF THE NECESSARY ELEMENTS OF THAT OFFENSE.**

CONCLUSION AND PRAYER ..…………………………………   14

CERTIFICATE OF SERVICE …………………………………..…   15

CERTIFICATE OF COMPLIANCE ……………………………….   15

# INDEX OF AUTHORITIES

**Page**

## Cases

*Cardona v. State*, 665 S.W.2d 492 (Tex. Crim. App. 1984) ……………….. 10

*Cobb v. State*, 851 S.W.2d 871 (Tex. Crim. App. 1993) …………………. 10

*Evans v. State*, 202 S.W.3d 158 (Tex. Crim. App. 2006) …………… 11, 12

*Hargesheimer v. State*, 182 S.W.3d 906 (Tex. Crim. App. 2006) ……… 10

*Herndon v. State*, 787 S.W.2d 408 (Tex. Crim. App. 1990) ………….… 12

*Johnson v. State*, 943 S.W.2d 83
(Tex. App. – Houston [1st Dist.] 1997) ………………………………. 10

*Jones v. State*, 787 S.W.2d 96
(Tex. App. – Houston [1st Dist.] 1990) ………………………………. 10

*Nheem v. State*, 129 S.W.3d 696
(Tex. App. – Houston [1st Dist.] 2004) ………………………………. 11

*Poindexter v. State*, 153 S.W.3d 402 (Tex. Crim. App. 2005) ……...... 11, 12

*Shaw v. State*, 622 S.W.2d 862 (Tex. Crim. App. 1981) ………………... 10

*Wester v. State*, 542 S.W.2d 403 (Tex. Crim. App. 1976) …………..…… 10

## Statutes and Rules

**Tex. Health & Safety Code §481.002(38)** ………………………………... 11

**Tex. Health & Safety Code §481.115** ………………………………….. 11

**Tex. Pen. Code §1.07(39)** ……………………………………………….. 11

**Tex. R. App. Proc. 38.1(a)** …..………………………………………… 1

**Tex. R. App. Proc. 39.7** ………………………………………………… 4

## STATEMENT REGARDING ORAL ARGUMENT

Pursuant to **Tex. R. App. P. 39.7**, Appellant waives oral argument.

## STATEMENT OF THE CASE

Appellant was indicted for possession with intent to deliver a controlled substance. (CR 16)[1]. Appellant pled guilty pursuant to an agreed plea bargain with the State for 3 years deferred adjudication community supervision and was placed in the Felony Mental Health Court specialized caseload. (CR 29-35, 117). The State filed a motion to adjudicate guilt alleging Appellant had violated her conditions of community supervision. (CR 50-51). Appellant pled not true to allegations in the motion to adjudicate. (CR 62-63; RR-V2 12-14)[2]. After a hearing, the trial court found it true that Appellant had violated her community supervision as alleged in the motion, adjudicated her guilty, and sentenced her to 6 years in prison. (CR 62-63, 120; RR-V2 122-123; RR-V3 19-20). Appellant filed timely written notice of appeal. (CR 68-69, 120).

---

[1] CR = Clerk's Record, Volume I of I; RR = Reporter's Record, Volumes 1 through 4.
[2] Appellant pled not true on the record at the beginning of the adjudication hearing, as is clearly shown in the Reporter's Record (RR-V2 12-14); however the Clerk's Judgment Adjudicating Guilt incorrectly states that Appellant pled true (CR 62-63).

## ISSUES PRESENTED FOR REVIEW

Did the trial court abuse its discretion when it found it true that Appellant had violated her community supervision by committing the offense of possession of a controlled substance where the evidence was insufficient to prove that Appellant intentionally and knowingly possessed the controlled substance in question?

---

## STATEMENT OF FACTS

At the adjudication hearing, Harris County Deputy Sheriff Jimmie Norris testified that in an attempt to locate a suspect wanted on an open felony arrest warrant from another county, he and several other deputies went to an address in Harris County, Texas, where they had received information that the suspect might be found. (RR-V2 39-42). Norris testified that when they arrived at the address, they observed the front door of the residence standing open, so they announced "Sheriff's Office" and entered the residence. (RR-V2 42-45). Norris testified that they heard voices coming from a bedroom in the house, and when they went to investigate, they observed Appellant and an adult male asleep on a bed, and two other adult females standing next to the bed. (RR-V2 45-48). Norris testified that he

5

observed an open purse on the bed next to where Appellant had been sleeping, and that inside the purse he could see a smaller "Disney makeup bag" that had syringes protruding from it, as well as plastic baggies containing a grayish white powder that later tested positive as methamphetamine weighing 1.963 grams. (RR-V2 49-52, 70-72). Norris testified that Appellant's identification was subsequently located in a wallet found inside the same purse. (RR-V2 52-53). Norris testified that Appellant's four children were in another part of the residence, and that when everyone in the residence denied any knowledge or ownership of the methamphetamine, Appellant was arrested and charged with possession of the methamphetamine. (RR-V2 48-55).

Chris Hernandez, Appellant's boyfriend, testified that he was asleep alongside of her in the bed when the deputies came into the residence. (RR-V2 75-76). Hernandez testified that the other two females in the bedroom when the deputies came in were his cousin Jessica Matou and an acquaintance named Desiree Haas, and the he knew Desiree Haas to be a drug addict who abused, among other things, methamphetamine. (RR-V2 76-77). Hernandez testified that he did not believe that the methamphetamine was Appellant's, and that when asked by the deputies

6

both he and Appellant denied any knowledge of the methamphetamine, as did Desiree Hass and his cousin Jessica Matou. (RR-V2 79-82).

Mileah Alvarez, Appellant's 14-year old daughter, testified that she was also present when the deputies came into the residence, and that it was she who had let Desiree Haas, whom she knew as a former baby-sitter and acquaintance of her mother, into the residence earlier that day. (RR-V2 86-88). Alvarez testified that when Hass arrived, she had noticed that Haas had in her possession a "little Mickey Mouse" pencil bag, which Alvarez recognized as something that she believed Hass had stolen from her previously. (RR-V2 87-88). Alvarez testified that Haas went into the bedroom where her mother, Appellant, was asleep. (RR-V2 88-90). Alvarez testified that she then went to sleep in her room until the deputies awakened her sometime later. (RR-V2 89). Alvarez testified that when the deputies asked everyone about the methamphetamine in the Mickey Mouse bag, Haas claimed it belonged to Chris Hernandez, and repeatedly stated that she could not "take the charge because if I take the charge, my brother will kill me," and that Haas was "real jumpy and real twitchy and real frantic." (RR-V2 89-92).

Appellant testified that she was asleep in bed when the deputies came into her residence, and that she did not know that Desiree Haas and Jessica

Matou were even in her residence as they had arrived after she had gone to sleep. (RR-V2 93-101). Appellant testified that she had no knowledge of the methamphetamine found inside her purse. (RR-V2 99-100, 106-107). Appellant testified that she knew Desiree Haas had a history of drug use, including methamphetamine, and that Haas appeared to Appellant to be "on drugs" at the time. (RR-V2 101-105). Appellant testified that when asked by the deputies Haas denied that the methamphetamine was hers and said it belonged to Chris Hernandez, and that when Appellant's daughter asked Haas to tell the deputies whose methamphetamine it really was, Haas stated, "Because if I do, my brother will kill me." (RR-V2 108-109).

Sheena Poole testified that she was Appellant's probation officer in the Felony Mental Health Court program. (RR-V2 17-19). Poole testified that Appellant failed to report as scheduled on four occasions, and failed to submit a urine sample on three occasions. (RR-V2 22-25). Poole further testified that Appellant was also in arrears on paying various fees and costs totaling $154.50. (RR-V2 25-26). Poole testified that for these reasons, Appellant had failed to successfully participate in the Felony Mental Health Court program. (RR-V2 26).

## SUMMARY OF THE ARGUMENT

The trial court abused its discretion when it found it true that Appellant had violated her community supervision by committing the offense of possession of a controlled substance where the evidence did not prove that Appellant intentionally and knowingly possessed the controlled substance in question.

## POINT OF ERROR ONE

**THE TRIAL COURT ABUSED ITS DISCRETION BY REVOKING APPELLANT'S COMMUNITY SUPERVISION FOR COMMITTING THE OFFENSE OF POSSESSION OF A CONTROLLED SUBSTANCE WHEN THE EVIDENCE DID NOT PROVE ALL OF THE NECESSARY ELEMENTS OF THAT OFFENSE.**

### RELEVANT FACTS, AUTHORITIES & ARGUMENT

In Appellant's case, the State's motion to adjudicate guilt alleged that Appellant violated the terms and conditions of her community supervision by committing the offense of possession of a controlled substance, more specifically by:

"Committing an offense against the State of Texas, to-wit; on or about July 15, 2104, in Harris County, Texas, JENNIFER LEANN WATSON, hereafter styled the Defendant, did then and there unlawfully intentionally and knowingly possess a controlled substance, namely METHAMPHETAMINE, weighing more than 1 gram and less than 4 grams by aggregate weight, including any adulterants and dilutants." (CR 50).

A defendant on deferred adjudication supervision has the right to appeal a trial court's determination to proceed with an adjudication of guilt, as well as all proceedings following an adjudication of guilt, in the same manner as a revocation of regular community supervision or probation. **Tex. Code Crim. Proc. Art. 42.12 § 5(b)**; *Hargesheimer v. State*, 182 S.W.3d 906, 910-913 (Tex. Crim. App. 2006). The decision on whether or not to revoke community supervision rests within the sound discretion of the trial court, and will not be reversed on appeal absent abuse of that discretion. *Wester v. State* 542 S.W.2d 403, 405 (Tex. Crim. App. 1976). The burden of proof in a revocation proceeding is on the State, and is measured by a preponderance of the evidence. *Cobb v. State*, 851 S.W.2d 871, 873 (Tex. Crim. App. 1993); *Shaw v. State*, 622 S.W.2d 862, 863 (Tex. Crim. App. 1981). The law is clear that the State bears the burden of proving every element of an alleged violation of community supervision relied upon for revocation. *Shaw*, 622 S.W.2d at 863; *Johnson v. State*, 943 S.W.2d 83, 85 (Tex. App – Houston [1ˢᵗ Dist.] 1997), *citing Jones v. State*, 787 S.W.2d 96, 97 (Tex. App. – Houston [1ˢᵗ Dist.] 1990). When the State fails to meet its burden of proving the alleged violation of community supervision, the trial court abuses its discretion in revoking that community supervision. *Cardona v. State*, 665 S.W.2d 492, 493-494 (Tex. Crim. App. 1984).

Thus, in Appellant's case, the State was required to prove that Appellant committed the offense of possession of a controlled substance as alleged in the motion to adjudicate. One of the required elements to prove possession of a controlled substance is proof that the accused intentionally or knowingly possessed the controlled substance. **Tex. Health & Safety Code §481.115.** "Possession" means actual care, custody, control, or management. **Tex. Health & Safety Code §481.002(38); Tex. Penal Code §1.07(39).** In order to prove unlawful *possession* of a controlled substance, the State must prove that: (1) the accused exercised actual care, custody, control, or management over the substance; and (2) that the accused *affirmatively knew* the matter possessed was contraband. ***Poindexter v. State***, 153 S.W.3d 402, 405-406 (Tex. Crim. App. 2005). Further, when the accused is not in exclusive possession of the place where a controlled substance is found, the State must prove additional independent facts and circumstances that affirmatively link the accused to the *knowing* possession of the contraband in such a way that it can be concluded that the defendant had *actual knowledge* of the contraband's existence as well as *knowingly* exercising actual control over it. ***Evans v. State***, 202 S.W.3d 158, 161-162 (Tex. Crim. App. 2006); ***Poindexter***, 153 S.W.3d at 406; ***Nhem v. State***, 129 S.W.3d 696, 699-700 (Tex. App. – Houston [1st Dist.] 2004). Mere presence of the accused at the

11

location of the contraband, or even knowledge that someone else is in possession of the contraband at the location, does not make the accused a party to the possession. *Herndon v. State*, 787 S.W.2d 408, 410 (Tex. Crim. App. 1990). In addition to mere presence, the State must establish sufficient "affirmative links" between the accused and the contraband which are more than fortuitous. *Evans*, 202 S.W.3d at 161. These "affirmative links" are necessary to protect the otherwise innocent bystander – a relative, friend, spouse, or roommate for example – from conviction based solely upon the her fortuitous proximity to someone else's illegal activities. *Evans*, 202 S.W.3d at 161-162; *Poindexter*, 153 S.W.3d at 406.

In Appellant's case, the record is clear that Appellant was not in exclusive control of the residence in which the methamphetamine was found. There were three other adults present, and it is undisputed that Appellant was asleep when the deputies entered the residence and found the purse from which the methamphetamine was recovered. (RR-V2 39-62). It is likewise undisputed that two of the other adults present, Desiree Haas and Jessica Matou, were both awake and were seen standing next to the bed on which the purse was found, and that Deputy Norris saw them "fiddling with stuff" … "digging in purses and bags and stuff" … "just plundering" in the vicinity of the bed where the purse was located. (RR-V2 46-49, 56-57).

Deputy Norris also noticed that both Desiree Haas and Jessica Matou had visible needle marks on their arms indicative of drug use, and that Appellant did not have any such marks. (RR-V2 60-62). Further, there is testimony in the record that Desiree Haas was seen in possession of the "Mickey Mouse" bag wherein the methamphetamine was found prior to going into the bedroom where Appellant was asleep, and that Haas appeared to be under the influence of drugs, and made statements somewhat indicative of guilt. (RR-V2 86-92, 103-104, 108-109). It is clear then from the facts and circumstances that there is little beyond Appellant's mere presence to link her to the methamphetamine, and in fact more than ample evidence to affirmatively link Desiree Haas to the methamphetamine.

Since the evidence before the trial court was insufficient to prove the independent facts and circumstances necessary to affirmatively link Appellant to the *knowing* possession of the methamphetamine in such a way that it could be concluded that Appellant had both *actual knowledge* of the methamphetamine's existence as well as that Appellant *knowingly* exercised actual control over it, and in fact ample evidence to the contrary, the State failed to prove a required element of the offense of possession of a controlled substance, and thus it was an abuse of discretion for the trial court

to find that Appellant had violated her community supervision by committing the offense of possession of a controlled substance.

## CONCLUSION AND PRAYER

For the reasons set out in the foregoing point of error, Appellant prays that this Honorable Court of Appeals will reverse Appellant's conviction and sentence and remand this case back to the trial court for a new trial or such other relief as this Honorable Court deems appropriate.

Respectfully submitted,

*/s/ Randall J. Ayers*
RANDALL J. AYERS
Attorney for Appellant
State Bar No. 01465950
P.O. Box 1569
Houston, Texas  77251-1569
rjayerslaw@comcast.net (email)
(281) 493-6333 (telephone)
(281) 493-9609 (fax)

## CERTIFICATE OF SERVICE

I certify that I served the foregoing Appellant's Brief on the District Attorney of Harris County, Texas, by sending a copy to Mr. Alan Curry, Chief of the Appellate Division, Harris County District Attorney's Office, via electronic service to **curry_alan@dao.hctx.net** on November 19, 2015.

*/s/ Randall J. Ayers*
RANDALL J. AYERS
Attorney for Appellant
State Bar No. 01465950
P.O. Box 1569
Houston, Texas  77251-1569
rjayerslaw@comcast.net (email)
(281) 493-6333 (telephone)
(281) 493-9609 (fax)

## CERTIFICATE OF COMPLIANCE

Pursuant to Rule 9(i)(3) of the Texas Rules of Appellate Procedure I certify that this document contains a total of **2,799** words.

*/s/ Randall J. Ayers*
RANDALL J. AYERS
Attorney for Appellant
State Bar No. 01465950
P.O. Box 1569
Houston, Texas  77251-1569
rjayerslaw@comcast.net (email)
(281) 493-6333 (telephone)
(281) 493-9609 (fax)