**Affirmed and Memorandum Opinion filed September 27, 2018.**



In The

# Fourteenth Court of Appeals

_____

## NO. 14-17-00645-CR

_____

**MANOJ ASTHAPPAN, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 262nd District Court
Harris County, Texas
Trial Court Cause No. 1445052**

## M E M O R A N D U M   O P I N I O N

Appellant Manoj Asthappan pleaded guilty to the offense of assault – continuous family violence and was placed on deferred adjudication community supervision for five years. The State filed a motion to adjudicate him guilty, alleging that he violated several terms of his community supervision. After a hearing, the trial court adjudicated him guilty and sentenced him to ten years' confinement. In a single issue, appellant challenges the evidentiary sufficiency to support the trial court's judgment. We affirm.

## Background

Pursuant to a plea bargain agreement with the State, appellant pleaded guilty to the offense of assault – continuous family violence[1] and received five years deferred adjudication community supervision in September 2015.[2] The conditions of his community supervision included, *inter alia*, providing urine samples for alcohol and drug monitoring at the request of the community supervision department and refraining from any criminal activity.

In May 2017, the State moved to adjudicate appellant's guilt, alleging that appellant violated the terms of his community supervision by (1) failing to submit a urine sample on October 19, 2016[3]; (2) making a false report of a crime—burglary of a habitation—to the Houston Police Department ("HPD") on or about November 20, 2016; and (3) striking the person with whom he had a dating relationship with his hand, an unknown object, or glass on or about April 29, 2017.

At the hearing on the State's motion to adjudicate, the State offered evidence to support the three alleged violations. First, a Harris County Community Supervision Officer testified. According to the officer, who supervised appellant during the community supervision period, she requested that appellant provide a urine sample on October 19, 2016, but appellant failed to submit one. The officer described the conditions of appellant's community supervision and explained that appellant was aware of the conditions.

---

[1] *See* Tex. Penal Code § 25.11 ("Continuous Violence Against the Family"). This offense is a third-degree felony. *Id.* § 25.11(e).

[2] *See* Tex. Code Crim. Proc. art. 42A.101.

[3] The State further alleged that appellant had used alcohol in violation of the terms of his community supervision, but abandoned this allegation at the beginning of the hearing on its motion to adjudicate.

Additionally, witnesses testified regarding appellant's second alleged violation of the community supervision terms. On November 20, 2016, HPD Officer Logan Leathers and another officer were dispatched to appellant's apartment regarding a domestic disturbance involving appellant and his girlfriend, whom we refer to as Darlene. A neighbor called 911 after hearing screaming coming from the apartment. When the officers arrived, appellant and Darlene were no longer there. Leathers found fresh blood leading from the parking garage to appellant's and Darlene's apartment. Leathers and the other officer entered the apartment for a welfare check and found a pool of fresh blood smeared on the floor, broken glass, a door to a bedroom kicked in, and holes in the wall.

Leathers obtained appellant's contact information from apartment management. Appellant told the officers that someone had broken into the apartment and attacked Darlene and that he and Darlene were at a nearby hospital. The officers proceeded to the hospital and spoke with appellant. Appellant initially repeated his story about a break-in, but then changed his story. Appellant told Leathers that someone attacked Darlene at a gas station and tried to steal her car. According to appellant, Darlene fell and hit her head. Darlene had a "two to three centimeter" laceration to her head that required "immediate stiches to stop the bleeding." Darlene's head injury bled so much that she briefly lost consciousness due to a drop in her blood pressure. A nurse overheard appellant suggesting that Darlene tell "them" that she "got assaulted at the gas station." The nurse believed appellant and Darlene were "trying to get their story lined up together." When Leathers questioned Darlene, she was uncooperative, but she confirmed the gas station story that appellant told him. Leathers subsequently filed charges against appellant for providing a false police report.

3

Finally, HPD Officer Andy Vo testified regarding the third alleged violation. Vo responded to a reported disturbance at appellant's apartment on April 29, 2017. When he and other officers arrived, Vo heard arguing from inside the apartment and a "bang and then just went silent." Several neighbors informed the officers that the couple in the apartment had been arguing. Vo knocked loudly on the front door, but no one answered. Vo and other officers entered the apartment for a welfare check. When Vo entered the apartment, he saw "severe" damage to the interior, including holes in the walls, blood smeared on the walls, broken glass in the kitchen, and a broken glass shower door in the bathroom with blood on it. Vo and the other officers found appellant and Darlene feigning sleep in the bedroom. Appellant's toe was bleeding and Darlene had "fresh injuries" on her body. Darlene explained her injuries by claiming she had been involved in a car accident about two months earlier, but then changed her story to say the accident occurred only two weeks prior. Appellant told Vo he did not know how the injuries occurred or how the damage to the interior of the apartment happened. Appellant also had red knuckles; when asked about them, he claimed he had been punching a "training dummy," but officers did not find the dummy where appellant said it was located. Vo filed charges against appellant over Darlene's objection.

Darlene testified at the hearing. She stated she and appellant had a "great" relationship and they were in love. She denied that appellant assaulted her on November 20, 2016 or April 29, 2017.

After hearing the evidence and arguments of counsel, the trial court found that appellant had violated the conditions of his community supervision as set forth in the State's motion to adjudicate guilt. The trial court sentenced appellant to ten years' confinement in the Texas Department of Criminal Justice, Institutional Divison, and a $10,000 fine. This appeal timely followed.

4

**Analysis**

We review an order to proceed to adjudication in the same manner as a decision revoking regular community supervision. *See* Tex. Code Crim. Proc. art. 42A.108. A trial court has discretion to revoke community supervision when a preponderance of the evidence supports the State's allegations that the defendant violated a condition of his probation. *Lombardo v. State*, 524 S.W.3d 808, 812 (Tex. App.—Houston [14th Dist.] 2017, no pet.) (citing *Leonard v. State*, 385 S.W.3d 570, 576 (Tex. Crim. App. 2012) (op. on reh'g)). We therefore review a trial court's revocation of community supervision for an abuse of discretion. *Id.*

A trial court does not abuse its discretion in revoking community supervision if the evidence is sufficient to support any one of the violations alleged. *See Garcia v. State*, 387 S.W.3d 20, 26 (Tex. Crim. App. 2012); *Sanchez v. State*, 603 S.W.2d 869, 871 (Tex. Crim. App. 1980); *Moore v. State*, 11 S.W.3d 495, 498 (Tex. App.—Houston [14th Dist.] 2000, no pet.). In a revocation proceeding, the trial court is the sole judge of the credibility of the witnesses and the weight to be given to their testimony. *Hacker v. State*, 389 S.W.3d 860, 865 (Tex. Crim. App. 2013). With the appropriate standard of review in mind, we turn to appellant's sufficiency challenge.

Appellant's community supervision terms required him to "[s]ubmit a non-diluted, valid, unaltered sample for the purpose of alcohol/drug monitoring at the request of the [Harris County Community Supervision and Corrections Department]. In its motion to adjudicate guilt, the State alleged that appellant violated this term of his community supervision on October 19, 2016.

Appellant does not dispute that he failed to provide the requested sample on October 19. Instead, in his appellate brief, he claims that the State abandoned its

allegation regarding his failure to provide a urine sample. However, the record reflects that the State did not abandon this allegation:

> THE COURT: The State is alleging that you committed a law violation, failed to submit to random uranalysis as required and tested positive for alcohol on November 23rd of 2016. How do you plead to those — the law violations appear[] to be an assault of a family member. How do you plead to those allegations, true or not true?
>
> THE DEFENDANT: Not true.
>
> THE COURT: A plea of not true will be entered on behalf of Mr. Asthappan.
>
> [THE STATE]: And, Judge, we're actually going to abandon *the last allegation regarding testing positive for alcohol.*
>
> THE COURT: All right. Then the last allegation is abandoned.

(Emphasis added).

As is clear from this excerpt, the State abandoned only the allegation regarding appellant's having tested positive for alcohol. And the uncontroverted evidence, discussed above, shows that appellant failed to submit a urine sample on October 19, 2016 when requested by his community supervision officer. Thus, the State proved by a preponderance of the evidence that appellant violated the condition of his community supervision that required him to submit to urine testing at the direction of his community supervision officer. *See Clay v. State*, 710 S.W.2d 119, 119-20 (Tex. App.—Waco 1986, no pet.) (no abuse of discretion in revoking probation when appellant failed to produce urine specimens as requested); *see also Ray v. State*, No. 02-16-0040-CR, 2016 WL 3977377, at *3 (Tex. App.—Fort Worth July 21, 2016, no pet.) (mem. op., not designated for publication) (same); *McWilliams v. State*, No. 02-14-00142-CR, 2014 WL 7204509, at *2 (Tex. App.—Fort Worth Dec. 18, 2014, pet. ref'd) (mem. op., not designated for publication) (same); *Sanchez v. State*, No. 01-13-00631-CR, 2014

WL 3107659, at *3 (Tex. App.—Houston [1st Dist.] July 8, 2014, no pet.) (mem. op., not designated for publication) (same).

Sufficient evidence supports the trial court's finding that appellant violated this condition of his community supervision, and the trial court therefore did not abuse its discretion in adjudicating appellant's guilt. *See, e.g.*, *Garcia*, 387 S.W.3d at 26 (proof of single violation sufficiently supports revocation of community supervision); *Sanchez*, 603 S.W.2d at 871 (same); *Moore*, 11 S.W.3d at 498, 501 (same). Accordingly, we need not address whether sufficient evidence exists to support the other two alleged violations. We overrule appellant's sole issue.

## Conclusion

Having overruled appellant's only issue, we affirm the trial court's judgment.

/s/     Kevin Jewell
             Justice

Panel consists of Justices Donovan, Wise, and Jewell.

Do Not Publish — Tex. R. App. P. 47.2(b).